Defendant moves to dismiss the bill of complaint. Only one question is argued: Did a certain accident and health policy which had been issued by defendant to complainant, expire December 1st, 1943, upon defendant's refusal to accept a quarterly premium then due?
The policy is notably obscure in respect to the period during which the insured will enjoy protection. It insures against losses from bodily injury or disease sustained or contracted "during any term of this policy." Under the heading, Waiver of Premium, the Company agrees that upon certain happenings "there will be no further premium payable." Standard Provisions, paragraph 3, commences, "If default be made in payment of the agreed premium for this policy." *Page 500 
Paragraph (c) of Additional Provisions reads in part, "The term of this policy begins at 12 o'clock noon, Standard Time, on date of delivery to and acceptance by the insured * * * and ends at 12 o'clock noon on date any renewal is due." And paragraph (d), "* * * this policy is issued in consideration of * * * the payment of $34 as first payment; and the payment in advance and acceptance by the association of premiums of $24 quarterly thereafter, beginning with June 1st, 1937, is required to keep this policy in continuous effect." The policy contains nothing further relating to the period of coverage.
It is the theory of the defendant that the term of the policy began February 18th and expired June 1st, 1937; that the policy is renewable only by successive agreements: an offer (evidenced by tender of premiums) by complainant and acceptance by defendant every three months. The policy must be taken as a whole, and so taking it, this construction cannot be sustained. TravelersInsurance Co. v. Leonard, 120 N.J. Eq. 6. The expressions, "waiver of premium," "premium payable," "default in payment of the agreed premium," all pre-suppose an existing agreement that premiums shall be paid and accepted, and rebut the idea that the payments shall be dependent on the possibility of reaching other agreements in the future. The statement that the term of the policy ends "on date any renewal is due" is incomplete and must be supplemented by construction. The term cannot end more than once; it cannot end every date a renewal is due; it did not end on the first renewal date back in 1937. The question then immediately arises on which renewal date the parties intended the term should end. Defendant would expand the quotation — "on date any renewal is due and the premium is not tendered by assured or is rejected by the company." A more reasonable reading would make the policy expire "on date any renewal is due and insured defaults in payment of the agreed premium."
Defendant emphasizes the word "acceptance" in the clause "the payment in advance and the acceptance by the association of premiums of $24 quarterly thereafter, beginning with June 1st, 1937, is required to keep this policy in continuous *Page 501 
effect." "Acceptance" ordinarily means a voluntary act on the part of the recipient; it implies that he may choose to reject. But taking the policy as a whole, I think it here means merely "receipt;" that the defendant's obligation was fixed when the premium was tendered. The policy must be construed most strongly against the insurer and in favor of insured. Jackson FloorCovering v. Maryland Casualty Co., 117 N.J. Law 401; CrownFabrics v. Northern Assurance Co., 124 N.J. Law 27. The equity of this rule is well illustrated by the present case, for if the contention of defendant were upheld, the ambiguities of the policy would encourage fraud in the sale of the policy.
 Motion to dismiss denied. *Page 502