Pow-Well Plumbing and Heating, Inc., Plaintiff, v. Merchants Mutual Casualty Company, Defendant.

City Court of the City of New York, Special Term, Bronx County, April 29, 1949.

*Harry Meisnere* for plaintiff.

*Baier & Chamberlin* for defendant.

BONEPARTH, J. Plaintiff was insured, by defendant, under a liability policy which covered plaintiff for liability for damages, because of bodily injury caused by accident, arising out of the operations of plaintiff, as a plumbing contractor.

The coverage, above set forth, was limited in the policy. It did not cover accidents caused by the use of products handled by the insured, if the accident occurred " after the insured has relinquished possession thereof to others and away from premises, owned, rented or controlled by the insured   *   *   * '' or to operations of the insured, if the accident occurred after such operations had been completed at the place of occurrence and away from such premises of the insured.

During the term of the policy, and on July 18, 1947, an accident occurred, at a location away from the premises of plaintiff, in a house in which plaintiff installed a gas heater or burner. The occupant of the house sued the plaintiff herein and others for negligence, and the complaint in that action is made a part of the complaint in the instant action.

The insured (plaintiff herein) notified the insurance company, and delivered to it the summons and complaint in the negligence action. After investigation, the insurance company denied coverage, and on November 7, 1947, returned to the insured, the summons and complaint in the negligence action. The insurer claims that prior to the date of the alleged accident, plaintiff had relinquished possession of the gas burner to others, and plaintiff's operations at the house, where the accident occurred, had been completed.

Thereupon plaintiff herein undertook the defense of the negligence action against it, and settled that action. Now plaintiff sues for the amount it paid in settlement, and for the amount it was required to expend in its defense.

Plaintiff moves for summary judgment.

There are two items, comprising plaintiff's claim for damages; (1) the amount paid in settlement, and (2) the amount expended in defending the action. Each item is based upon a different and separate obligation in the policy.

The insurer, by its policy, undertook not only to indemnify plaintiff for any damage, for which it would be liable, for an accident within the coverage of the policy, but also " to defend any suit against the insured alleging such injury  *  *  * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent.  *  *  * "

As to the amount paid by plaintiff in settlement of the negligence action against it, plaintiff cannot have summary judgment.

The law is well settled, that where an insurer is bound, under its policy to defend, and has notice of litigation on a claim within the policy, and an opportunity to control the litigation, it is bound by the result of that litigation.  On the other hand, if the insured settles the claim in litigation, questions of coverage, liability and the extent thereof are still open and are questions of fact.  (*Lamb* v. *Belt Cas. Co.*, 3 Cal. App. 2d 624; *Mayor, Lane & Co.* v. *Commercial Cas. Ins. Co.*, 169 App. Div. 772, 778; *Butler Bros.* v. *American Fidelity Co.*, 120 Minn. 157; *Conner* v. *Reeves*, 103 N. Y. 527, 532.)

In a similar case, to wit, *Mayor, Lane & Co.* v. *Commercial Cas. Ins. Co.* (*supra*) the court said, at page 776, " *  *  * On the trial of this action, the court ruled, in effect, as a matter of law that that settlement was binding on the defendant without other proof;  *  *  * This we think was error in any view of the case.  *  *  * " The court said further at page 778, " *  *  * When, however, the assured saw fit to settle before a recovery, he assumed the risk in an action against the insurer of showing not only a liability covered by the policy but the amount of the liability  *  *  * ".

On these questions, thus left open by the settlement, plaintiff's affidavits on this motion, do not allege evidentiary facts, by a person having knowledge, as required by rule 113 of the Rules of Civil Practice.  Specifically, there is no evidence presented, to show either that plaintiff had not relinquished the gas heater or burner to others, or that it had not completed operations at the place where the accident occurred.  One of these facts would be necessary, to take the accident in question out of the operation of the exclusion clause, and to prove coverage.  The allegation, in the affidavit by the treasurer of the plaintiff, to the effect that employees of the plaintiff worked on the gas burner that day is not based on personal knowledge; at least, the affidavit does not so indicate.

Accordingly, on this branch of the case, to wit, the amount of the settlement, there are triable issues of fact.

As to the item of damages, for breach of the obligation to defend the negligence action, a different rule applies.

" The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insurer to defend the question is not whether the injured party can maintain a cause of action against the insured but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured's ultimate liability   *   *   * " (*Grand Union Co.* v. *General Accident Fire & Life Assur. Corp.*, 254 App. Div. 274, 280, affd. 279 N. Y. 638).

"   *   *   *   The insurance company's duty to defend came into being when it appeared from the allegations in the negligence action that the injury was within the coverage of the policy, and it persisted despite the advice — pointing a contrary conclusion — furnished by the insured to assist the company in defending the suit. To hold otherwise would penalize him for full and frank disclosure. Assuming that the information passed on by the insured might have some bearing on the company's duty to *pay*   *   *   * it cannot affect its already established duty to *defend*. The courts have frequently remarked that the duty to defend is broader than the duty to pay.   *   *   * " (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148, 154).

The duty of the insurer to *defend* then, is determined by the terms of its policy and by the complaint in the negligence action against the insured. And that duty is not affected by the facts ascertained during the progress of the litigation, or by the outcome of the action. If the complaint in the negligence action shows a claim within the coverage of the policy, the insurer must defend on behalf of the insured. (*Goldberg* v. *Lumber Cas. Ins. Co., supra; Grand Union Co.* v. *General Accident Fire & Life Assur. Corp., supra; Socony-Vacuum Oil Co.* v. *Continental Cas. Co.*, 144 Ohio St. 382; *Mason-Healy Press* v. *Aetna Life Ins. Co.*, 211 N. Y. 489; *Bloom-Rosenblum Kline Co.* v. *Union Ind. Co.*, 121 Ohio St. 220; *Summer & Co.* v. *Phoenix Ind. Co.*, 177 Misc. 887, affd. 265 App. Div. 911.)

Thus, in the case of *Goldberg* v. *Lumber Mut. Cas. Co.* (*supra*) the policy contained an exclusion clause, similar to the one in the policy in the instant case, excluding an accident, which happened after the insured had completed work at the place where the accident occurred. In a suit against the insured, it was alleged in the negligence complaint that the insured was

still working on the premises. Insured notified the insurer, it had completed its work on the premises a week before the accident. The court held the insurer was required to defend.

In *Summer & Co.* v. *Phoenix Ind. Co.* (177 Misc. 887) the court said at page 889: " * * * The fact that the actions proved to be groundless because plaintiff's regular employee was not at the exact time of the fire doing plaintiff's work relieved defendant insurance company from liability but did not excuse it from defending the claims and actions."

So that, so far as the question of the duty of the insurance company to defend is concerned, there are no triable issues of fact. The only factors in determining this issue, are the policy and the complaint in the negligence action against the assured.

And whether Pow-Well Heating Inc., the assured, was or was not actually engaged on the premises, when the accident happened, is immaterial on the question of the insured's duty to defend. (*Goldberg* v. *Lumber Mut. Cas. Co., supra.*)

Accordingly, in the instant case, the failure of the plaintiff herein to allege that it was still engaged on the premises is immaterial. The inquiry on this point (the duty to defend), is limited to an examination of the complaint in the negligence action and a determination of whether the accident, which is the basis of that complaint, is within the coverage of the policy.

The complaint in the negligence action, against the assured herein, alleged that an accident happened on July 18, 1947, and that a gas burner, installed by it, exploded on that day, and charged the assured and others with negligence.

That complaint does not allege whether the assured was or was not engaged on the premises on that day or not. In this respect, the complaint differs from the complaint in the *Goldberg* case (*supra*). In the latter case, the negligence complaint specifically alleged, that the assured was still engaged on the premises, when the accident occurred; a claim clearly covered by the policy. On the other hand, the negligence complaint herein does not by any allegation therein state a case or claim outside the coverage of the policy.

The situation presented by the instant case, where the negligence complaint does not state facts sufficient to clearly bring the case within or without the coverage, may be said to be one where there is a question or doubt as to whether the accident is covered or not. This requires a construction of the complaint. (8 Appleman, Insurance Law and Practice, § 4683, p. 8.)

In such a situation, it would seem to be the duty of the insurer to defend, if there is, *potentially*, a case under the negligence

complaint, within the coverage of the policy. If, under the negligence complaint, a claim *could* be proved, which the insurer must pay, the duty to defend arises.

Thus, in *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.* (*supra*) one Harper sued Socony-Vacuum Oil Co. and others for negligence. A dispute arose between insured (Socony-Vacuum Oil Co.) and insurer, as to whether the accident described in the Harper complaint was within the coverage of the policy. This, by reason of the fact that there was no clear statement in the negligence complaint, bringing the claim within the policy coverage. The court said at pages 395–396: " Negligence was charged without any averment to show through whom the alleged wrong was committed. * * * Whether there was a liability for negligence in giving such a peremptory order could not be determined until the Harper case was finally disposed of. Accordingly in respect to coverage the situation that confronted the insurer in determining its course in defending the Harper suit, related to potential rather than ultimate liability for indemnification." The court held the insurer liable for the expense of the insured in defending the negligence action (p. 397).

In *Mason-Henry Press* v. *Aetna Life Ins. Co.* (211 N. Y. 489) the liability policy excluded from coverage any loss caused by reason of the employment of any person in violation of law. The assured (plaintiff) was sued in negligence and the negligence complaint alleged the employment of a boy under age, in violation of law. The assured notified the insurer, that it had proof to show the boy to be of legal age. The Court of Appeals said at page 497: " * * * I think that the insurer as a matter of safety to itself and of fairness to the insured was bound to undertake the defense of the action for the benefit of both and of each. * * * "

In Appleman, Insurance Law and Practice (vol. 8, § 4682, p. 4) we find the following " * * * to put it another way, the insurer must defend any action where, if liability is established, the insurer would be liable. * * * "

Furthermore, where an action is brought against an assured, and the action is based on various grounds, which are not within the policy coverage, and on another which is within its terms, the insurer is required to defend. (*Christian* v. *Royal Ins. Co.*, 185 Minn. 180, 182.)

We come now to a construction of the negligence complaint or a consideration of the potentialities thereunder.

In the instant case, under the negligence complaint against the assured, proof that assured was still engaged on the premises at the time of the accident, could be offered and received, and a recovery on that basis would come within the coverage of the policy. Thus there is potential liability of the insurer for indemnity, and the duty to defend accordingly arose.

The insurer, undertaking the defense of such an action, involving a doubtful situation, or one not clearly defined, might protect itself by having the complaint amplified by a bill of particulars. (*Toms* v. *Hartford Fire Ins. Co.*, 75 Ohio App. 181, 184–186.)

The defendant in the instant case, the insurer, bases its denial of coverage and refusal to defend upon facts disclosed by its investigation, " coupled with the pleadings " in the negligence action. These facts, summed up in the affidavit, submitted by defendant on this motion, are that plaintiff (the insured) had relinquished possession of the said gas burner to others, and on the date of the accident and for several days prior thereto, the plaintiff's operations at the place where the accident occurred had been completed.

The difficulty with defendant's position is that these allegations do not appear in and cannot be spelled out from the complaint in the negligence action.

As hereinbefore stated, under the negligence complaint herein, proof could be offered and received that plaintiff herein was still engaged on the premises and that its operations had not been completed. And the trial court could so find. (*South Knoxville Buick Co.* v. *Empire State Sur. Co.*, 126 Tenn. 402; 8 Appleman, Insurance Law and Practice, § 4683; *Socony-Vacuum Oil Co.* v. *Continental Cas. Co., supra.*)

In *Massachusetts Bonding & Ins. Co.* v. *Roessler* (112 S. W. 2d 275 [Tex.]) the court said at page 280 " The appellant (insurance company) could not assume that such a finding would not happen, and thus refuse to defend the suit; but it was its duty to contest the case and defend against every contingency therein raised. Naturally there was a risk incurred if it should do so, but it was one of the hazards it assumed when it issued the policy and accepted the premiums * * * " (words in parentheses ours).

The position of the plaintiff in this case is further aided by two factors. First, in cases of doubt, the policy is construed against the insurer. (*Silverstein* v. *Commercial Cas. Ins. Co.*, 237 N. Y. 391; *Lewis* v. *Ocean Accident & Guar. Corp.*, 224 N. Y. 18, 21.) In *Grand Union* v. *General Accident Fire & Life Assur.*

*Corp. (supra)* the court said at page 280: " No insured reason-ably reading this policy would see in it an intention to make the distinction defendant attempts to make. In accordance with the settled rule that in case of doubt policies of insurance are con-strued against the insurer, an accident of the sort in question must be held to be within the coverage."

Second, the practical construction placed on the policy by the insurer, aids the assured. (*Vogel* v. *Pathe Exchange, Inc.*, 234 App. Div. 313, 318.) Here, the insurer, after holding the papers in the negligence action for some time, declined to continue the defense, apparently based on its investigation and its determina-tion of the factual situation and not on the interpretation of the negligence complaint. The negligence complaint together with the policy (not the factual situation, determined by the insurer) establishes whether there is or is not a duty to defend.

Accordingly, plaintiff's motion for summary judgment will be granted to the extent only of ordering an assessment of plain-tiff's damages in connection with cost of defending the negligence action against it. Order signed.