### GENERAL CAS. CO. OF WISCONSIN v. LARSON.

### No. 14489.

United States Court of Appeals
Eighth Circuit.

May 2, 1952.

Maugridge S. Robb, Minneapolis, Minn. (Robb, Robb & Van Eps, Minneapolis, Minn., were with him on the brief), for appellant.

Harding A. Orren, Minneapolis, Minn. (Freeman, King, Larson & Peterson, Minneapolis, Minn., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

On December 23, 1947, the appellant, General Casualty Company of Wisconsin, issued its Manufacturers' and Contractors' Public Liability Policy for a term of one year to the appellee, Alfred Larson, doing business as Camel Oil Burner Company, of Minneapolis, Minnesota. Larson's business included cleaning, servicing and repairing oil burners.

In August, 1948, Frank Clinite employed Larson to clean and service the furnace and oil burner at his residence in Minneapolis. On August 3, 1948, Larson sent his employee Strand to clean the furnace preparatory to his inspection and servicing of the oil burner. Strand finished the cleaning that same day, but in doing so he accidentally cross-threaded the connection between the furnace door and the oil burner. As a consequence, when Clinite turned on the oil on August 7, 1948, before Larson had inspected and serviced the burner, the oil leaked out of the cross-threaded union, and a fire resulted which damaged the house.

Clinite had a policy of fire insurance covering his property with the Home Insurance Company of New York. The company paid the damages caused by the fire, and, as subrogee, commenced an action against Larson and his employee Strand to recover the amount which it had so paid, alleging that such damage had been caused by the negligence of Larson and Strand, his employee. The defense of this action was tendered by Larson to the appellant herein, but the defense was refused. The Home Insurance Company obtained a judgment in that case against Larson on December 12, 1949, for $4,683.81. Thereafter Larson brought this action against the appellant upon his Public Liability Policy to recover the amount of the judgment in the Home Insurance Company case with interest and attorney's fees. The appellant denied liability. The case was tried to the court without a jury. The court found for the plaintiff and entered judgment against the defendant for the amount claimed, for a $500 attorney fee, together with interest and costs, and the defendant appeals.

The appellant seeks reversal of the judgment on the grounds:

A. 1. That the appellee "is concluded in this action for indemnity by the pleadings, findings and judgment" in the Home Insurance Company case.

2. That the "No Action" clause in the policy precludes recovery upon any other basis than the pleadings, findings and judgment in the former action.

3. That the court erred, therefore, in admitting the transcript of the evidence taken in the Home Insurance Company case.

B. That the Tender of Defense was properly refused upon the ground that the pleading tendered did not state a cause of action against the insured for which the appellant had contracted indemnity.

C. That the adjudicated facts in the former action lie within the specific exceptions of the policy issued by the appellant; and

D. That the policy issued by appellant upon which this action is brought does not afford indemnity against the liability of the appellee pleaded and adjudicated in the former action.

The policy on which this action is based was in the first instance one for bodily injury only. For an additional premium it was endorsed to extend the coverage to include damage to property also.

As amended the policy provides that the appellant agrees

"To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon the Insured by law for damages because of injury to or destruction of property * * * as the result of an accident * * * caused solely and directly by reason of the business operations of the Insured * * * except as to any operations or exposure * * * which are shown to be excluded in said policy or, which are expressly shown to be excluded elsewhere in this endorsement, and subject further to all exclusions, conditions and limitations hereinafter contained.

"It is further agreed that respecting insurance provided by this policy the Company shall:

"(a) Investigate and have the right to negotiate or settle any claim or suit, whether groundless, false or fraudulent, as may be deemed expedient by the Company;

"(b) Defend in his name and behalf suits against the Insured alleging such injury and loss, as hereinbefore defined and insurance provided for, even if such suit is groundless, false or fraudulent; * * *."

The appellant's contentions A and B are predicated upon the assumption that this is an action for indemnity and that the appellee is "concluded * * * by the pleadings, findings and judgment in the Home Insurance case." It is argued that the "No Action" clause in the policy precludes recovery in this action.

■ These contentions are clearly erroneous. This is not an action for "indemnity", and the "No Action" clause in the policy does not make it so. This is an action upon the liability contract of the policy whereby the appellant became "obligated to pay by reason of the liability imposed upon the Insured by law." The so-called "No Action" clause provides only that "No action shall lie against the Company unless as a condition precedent thereto * * * the amount of Insured's obligation to pay shall have been finally determined either by judgment against the Insured * * * or by written agreement." It is conceded by the appellant that payment of the judgment is not a condition precedent to an action on the policy. The judgment in the Home Insurance Company case determined only the amount of Larson's liability for the injury to Clinite's property caused by the negligent and accidental act of Strand, Larson's employee. This situation does not warrant the assumption that this is an action for indemnity nor that the "No Action" clause of the policy is a contract for indemnity.

In the case of Central States Grain Cooperative, Inc., v. Nashville Warehouse & Elevator Corporation, 7 Cir., 48 F.2d 138, 140, the court say: "One of the characteristic differences between a contract of indemnity and one to pay legal liabilities is that upon the former an action cannot be brought and recovery had until the liability indemnified against is discharged; whereas upon the latter the cause of action is complete when the liability attaches. That there is a distinction between a covenant to pay money and a covenant to indemnify is well recognized."

And in Standard Surety & Casualty Co. of New York v. Olson, 8 Cir., 150 F.2d 385, 387, this court said: "the undertaking of an indemnitor * * * is that he shall be answerable for the default of another."

■ Based upon the assumption that this is an action for indemnity the appellant contends, also, that the court erred in admitting the transcript of the evidence taken in the Home Insurance Company case. At the trial the complete record and a transcript of the evidence were introduced in evidence. The appellant at the time objected to the transcript on the ground that it was incompetent, irrelevant, and immaterial in that it had become merged in the judgment.

The court did not err in admitting the transcript of the evidence taken in the former case. The appellant was not a party to that action, although it had been given an opportunity to defend it. The judgment in that case, however, is the agreed measure of Larson's liability covered by appellant's policy. The evidence in that case is therefore relevant in the present action to identify that judgment as within the coverage of the policy sued upon. The appellant in its brief here insists throughout that this is an action upon a judgment whereas it is a suit upon a liability policy in which the judgment in the former case is material evidence. The burden was upon the appellee here, plaintiff in the district court, to demonstrate that the former judgment was based upon evidence which identified it as one within the coverage of the policy.

The appellant contends further that the tender of defense to the former case was properly refused in that the adjudicated facts in that case fall squarely within Exclusions (e), (f) and (i) of the policy.

Subsection (e) reads: "This policy does not apply: (e) To the possession, consumption, handling, use or the existence of any condition in goods or products, manufactured, sold, handled, distributed, delivered or misdelivered by the named Insured, provided such goods or products * * * are away from premises owned, rented or controlled by the named insured."

■ It is clear that this exclusion does not apply to the facts in this case. The fire which caused the damage to Clinite's property did not occur as a result of any "condition" of goods sold or delivered by the insured. It resulted from an accident which occurred in cleaning "goods" already on Clinite's premises.

■ Subsection (i) provides that the policy does not apply "to liability assumed by the Insured under any contract or agreement."

Clearly under the evidence Larson's liability to Clinite was not a liability assumed "under any contract." His liability to Clinite was imposed by law, and it was expressly covered by the insuring clause in the policy.

■ Subsection (f) reads: "This policy does not apply: (f) To the existence of any condition in work *completed* or abandoned by the named Insured, if such work is not on premises owned, rented or controlled by the named Insured, * * *." (Emphasis supplied.)

The contention that the work was "completed" is based in large measure upon a recital in the complaint in the suit brought against Larson by the Home Insurance Company, in which it is alleged in substance that Strand "did certain work upon the aforesaid oil burner" and when he had "finished" his work he left it "in an unworkable and hazardous condition." And a further allegation in that complaint is that "Arthur Strand was, at all times mentioned herein, an employe of the defendant Alfred F. Larson * * * and just prior to August 7, 1948, the defendant Arthur Strand, in the scope and course of his employment, cleaned the furnace and oil burner * * * and did * * * so carelessly,

negligently and unlawfully reassemble the said oil burner that the same was left in an unworkable and hazardous condition."

And it is contended that Larson, the appellee, is bound by the findings and adjudication in the Home Insurance Company case.

The evidence objected to in this case shows that the work which Larson was employed to do was not "completed" when Strand left it on August 3, 1948; and the court in the Home Insurance Company case did not find that it was completed. Larson was employed by Clinite to clean and service the furnace and oil burner. Strand had "finished" only the "certain" part of the work which he was sent to the premises to do, namely, to "clean" the furnace, and that was all he attempted to do. Larson was yet to "inspect and service" the oil burner. On this point the trial court found that " * * * the testimony in the Home Insurance Company case unmistakably establishes that the work was not completed when the accident occurred"; and the evidence abundantly supports that finding.

The fact is that Larson was liable to Clinite in the Home Insurance Company case whether or not the work had been completed when the fire occurred. In that case, therefore, the question was not in issue and was not adjudicated therein. All determined there was that Strand had "finished" the part of the work to be performed by him. The work done by him was only a part of the job undertaken by Larson; and until Larson performed the part of the work to be done by him the job was not "completed." This situation was known by the appellant at all times material whether the evidence set out in the transcript and objected to was admitted or not. In the proof of loss which Larson furnished to the appellant dated October 8, 1948, it was recited:

"On August 3, 1948, our man, Mr. Strand, was there cleaning the furnace. In cleaning the furnace it is necessary to remove fire door with part of oil burner attached to it. In replacing the same the union on the oil line was cross threaded, therefore not being able to

make a tight connection in this place. Mr. Larson always checks burners after Mr. Strand cleans furnaces but owing to the warm weather he had not been there before Mr. Clinite started the oil burner on 8/21. Oil came out of the cross threaded union and ran down on the floor which caught on fire resulting in the damage."

The trial court correctly found that "It is conceded that liability for the Clinite fire was imposed upon Larson by law. The exclusion provision referred to is patently not applicable"; and that "the Court in Home Insurance Company case was not concerned with, nor did it attempt to pass upon, the question presented herein." It is undisputed here that the job of cleaning and servicing the Clinite furnace and oil burner was not completed when the accident occurred, and the evidence so shows. The doctrine of res adjudicata has no application to this case.

We have carefully reviewed the arguments of counsel for the appellant and the cases cited in their brief, and we think none of them are controlling in this case. Wherefore the judgment appealed from is affirmed.