JOHN L. McALLISTER, PLAINTIFF-RESPONDENT, v. THE CENTURY INDEMNITY COMPANY OF HARTFORD, CONN., DEFENDANT-APPELLANT.

Argued May. 18, 1953—Decided June 1, 1953.

*Mr. Morris Spritzer* argued the cause for the appellant (*Mr. John A. Lynch,* attorney).

*Mr. Paul C. Kemeny* argued the cause for the respondent.

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of Judge Bigelow in the court below.

WILLIAM J. BRENNAN, JR., J. (dissenting). It is unfortunate that respondent has pinned his hopes upon an insurance contract which appellant itself acknowledges is characterized by "intricacy of composition, complexity of paragraph cross-reference, excessive verbiage and iteration, unhappy selection of a word to describe more than one thing where perhaps several words would have been better"; and it is to be hoped that appellant will soon revise the form of its policy, as its counsel on the oral argument told the court appellant would do regardless of the outcome of this litigation, in order to eliminate the justly criticized obscurities in the relationship of the various clauses to each other. I agree with appellant, however, that obscurity and intricacy of arrangement do not, even in combination with the presumption against the insurer as the draftsman, amount to ambiguity in this case, and I believe that we are not at liberty to discount the plain meaning which a close reading of the whole contract reveals. The insured bought coverage under "Division 1," defined as "including accidents (except acci-

dents due to misdelivery) which occur after completion or abandonment of operations arising out of pick-up or delivery operations or the existence of tools, uninstalled equipment and abandoned or unused materials." It is conceded that the action against the insured was not based upon an accident within the scope of this definition. On the other hand, the insured did not buy coverage under the reciprocal "Division 3," defined as including "operations * * * (other than pick-up and delivery and the existence of tools, uninstalled equipment and abandoned or unused materials), if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from such premises."

I would therefore reverse the judgment.

HEHER, J., joins in this dissent.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING and JACOBS—5.

*For reversal*—Justices HEHER and BRENNAN—2.