30 N.J. Super. 211 (1954)
103 A.2d 900
WILLIAM VAN DER VEEN, PLAINTIFF-RESPONDENT,
v.
BANKERS INDEMNITY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1954.
Decided March 22, 1954.
*212 Before Judges EASTWOOD, JAYNE and FRANCIS.
*213 Mr. Morris Dobrin argued the cause for the plaintiff-respondent.
Mr. Augustus Nasmith argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The defendant Bankers Indemnity Insurance Company appeals from the judgment entered in favor of the plaintiff William Van Der Veen and against the defendant, in an action for declaratory judgment, directing that the insurer shall defend, for its insured, an action for damages instituted by a third party against the insured and shall be obligated to pay any judgment that might be returned against the insured in the negligence action.
Plaintiff had an agreement to excavate and install an underground oil tank at premises owned by Joab Realty Company, Inc., at 268 Main Street, Paterson, New Jersey. He asserts that he had excavated a sufficient area, placed the oil tank in position on October 3, 1951, refilled the area, and had completed his job. Thereafter, one Elizabeth Van Seters instituted an action against William Van Der Veen, plaintiff herein, and Joab Realty Company, Inc., for the recovery of damages for injuries allegedly suffered by her when, on October 13, 1951, she fell in the area of the sidewalk used by the public where the oil tank installation had been made. At the time of the accident, while the excavation had been filled, the cement sidewalk had not been re-laid.
The insurance company refused, upon Mr. Van Der Veen's request, to defend on his behalf the aforementioned action. Thereupon, Van Der Veen instituted an action in the Superior Court, Law Division, for a declaratory judgment defining the insurer's responsibility under the contract of insurance which had been previously entered into by the parties.
The defendant moved for a summary judgment and the plaintiff countered with a similar motion for summary judgment for the relief sought.
*214 The court determined that the contractor's policy in question obligated the insurance company to defend the suit instituted by Elizabeth Van Seters and to pay any judgment that might be obtained against Van Der Veen.
The appellant contends that the scope of the policy restricts coverage to operations occurring on the insured's own premises or place of business or at such place as he was actually engaged in servicing or installing oil burners or oil tanks; that under the policy completed or abandoned operations are excluded from coverage; that the defendant insurance company is not required to defend the action, since the claim is not one insured against. The plaintiff argues that the defendant's contentions are unmeritorious and that the Law Division correctly decided the issue.
Under the terms of defendant's policy, LMC 208350, plaintiff's business was classified as "Oil burner installation" and under the hazards covered he was protected for damages for which the insured might be obligated to pay arising out of injuries sustained at insured's premises "26 N. Straight St., Paterson, N.J. and elsewhere in the State of New Jersey." Under "Item 4  Purposes of Use, 1. Premises  Operations" is explained as follows:
"Oil tank installation assigned to manual classification; Excavation  For cellars or foundations of buildings, bridges or retaining walls and mass rock excavation in connection with dams (excavation in connection with street or road construction or tunneling to be separately rated).
Cement or concrete sidewalk, driveway, yard, airport runway or warming apron construction. Oil burner installation or service-commercial. Oil burner installation or service-domestic."
"Definition of Hazards" provides:
"Division 1. Premises  Operations. The ownership, maintenance or use of the premises, and all operations during the policy period which are necessary or incidental thereto.
Division 2. Elevators. The ownership, maintenance or use, for the purposes stated in the declarations, of any elevator therein designated."
*215 The plaintiff contends that the case of McAllister v. Century Indemnity Co., 24 N.J. Super. 289 (App. Div. 1953), affirmed 12 N.J. 395 (1953), is analogous and controlling. An examination of the factual situation in the McAllister case discloses that it is so similar to the case under review as to form a rather startling parallel. Such a conclusion becomes quite significant when a comparison is made of the insured's type of operation, the incident complained of, the insurer's contentions, the type of coverage designated in the contract and the language of the contract in each case.
On the basis of the definition of hazards relating to premises-operations in the McAllister case, the appellant contends that it is readily distinguishable from the case at bar; that in addition to the language employed in the present case, the policy in the McAllister case contained the following provision:
"* * * including accidents (except accidents due to misdelivery) which occur after completion or abandonment of operations arising out of pick-up or delivery operations or the existence of tools, uninstalled equipment and abandoned or unused materials."
We have given the two provisions our considered attention and we conclude that the absence in the policy here under review of a qualifying phrase on the definition of "premises  operations" militates against defendant's contention of exclusion of liability in cases where the damages are sustained subsequent to the completion or abandonment of operations. In our opinion the absence of such specific language as is found in the contract in the McAllister case tends to strengthen the plaintiff's case. Particularly is this so where, as here, at this stage of the proceeding, it is alleged and undetermined that the plaintiff's operations were not completed at the time of the incident in question.
We conclude that the decision in the McAllister case is controlling. The insurer here was fully apprised of the nature of the insured's operations and it was the intention of the parties to the contract that he be covered for tort *216 claims arising therefrom during the term of the policy. As stated at page 294 of the McAllister case:
"The whole policy must be considered in order to arrive at the true construction. It must be construed most strongly against the insurer and in favor of the insured. Cohen v. Mutual Benefit, etc., Ass'n., 134 N.J. Eq. 499 (Ch. 1944). `If the terms used are imperfect, it is the fault of the defendants.' Snyder v. Dwelling House Ins. Co., 59 N.J.L. 544 (E. & A. 1896).
The obvious object of the plaintiff in procuring this policy was indemnity against liability on tort claims growing from his operations as an excavator. The company seems, in general, to have intended by the policy to afford him such indemnity for a limited period, the policy year. Except as particular provisions of the policy so curtail its scope that an ordinarily intelligent man would understand that the policy does not cover certain risks which come within its general scope  with that exception, the policy should be construed to cover all liability for accidents arising from plaintiff's operations, whether the accidents happened before or after the excavation job was finished. We agree with the trial court that the company is liable on its policy in respect to the claim that was asserted against plaintiff."
Cf. Forbes v. First Camden Nat. Bank & Trust Co., 25 N.J. Super. 17, 21 (App. Div. 1953).
The defendant's contract under section II requires the company to defend "* * * any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."
The defendant argues that there can be no liability requiring it to defend the negligence action; that its liability only arises during the progress of the insured's operations and ceases when the work has been completed or abandoned; that the insured insists that he had fully completed the work and, therefore, the insured and insurer are in accord thereon. However, assuming arguendo that the defendant is only liable for damages resulting from an action brought by a third person against the insured which occurred during the progress of the work and not after completion or abandonment, it loses sight entirely of the fact that the question as to whether Van Der Veen's work was completed or not will be passed upon by the jury in the negligence action. It is *217 raised by the insured's answer in the negligence action, where he asserts non-liability on the ground that he had completed his work, as well as by the co-defendant. Joab Realty Company, Inc., which asserts that Van Der Veen had not completed his contract. It may be that the jury will find that the insured had not completed his work at the time of the accident. In such a posture it clearly becomes the duty of the insurer to defend the negligence action.
As to the extent of an insurer's liability to defend an action against an assured, it is stated in Danek v. Hommer, 28 N.J. Super. 68 (App. Div. 1953), at pages 76, 77:
"In construing an insurance policy it must be kept in mind that presumably it is the intention of the insurer to have the insured understand that, in the event of loss, he will be protected to the full extent that any fair interpretation will allow.

* * * * * * * *
The conclusion to be drawn from these statements is that the duty to defend comes into being when the complaint states a claim constituting a risk insured against. And the duty is not abrogated by the fact that the cause of action stated cannot be maintained against the insured either in law or in fact  in other words, because the cause is groundless, false or fraudulent. Liability of the insured to the plaintiff is not the criterion; it is the allegation in the complaint of a cause of action which, if sustained, will impose a liability covered by the policy.

* * * * * * * *
It is not reasonable to say that the duty of the insurer to defend is determined after the issue of liability has been litigated and decided. The stipulation for defense of actions, even if groundless, would be of little value if that obligation did not arise when a claim is stated in the pleadings, which, if sustained, would be within the protection afforded by the policy. * * *"
We think that the judgment must be modified insofar as it directs that the company "is obligated to pay on behalf of the plaintiff, William Van Der Veen, all sums which the plaintiff, William Van Der Veen, shall become obligated to pay by reason of the liability imposed upon the plaintiff by law for damages, because of the bodily injuries sustained by Elizabeth Van Seters, * * *." If a judgment is returned against the insured, the insurer's responsibility for the payment thereof is conditioned upon the compliance by the *218 insured of condition No. 10 of the policy, requiring the insured to cooperate with the company in the conduct of suits, as well as any other applicable conditions.
The question of fastening an absolute liability to pay a judgment, if obtained, against the insured, must necessarily await the outcome of the litigation in the negligence action.
The judgment, except as modified, is affirmed.