ESTHER M. KURTZ, Appellant, v. GUSTAV WILDER et al., Respondents.— Plaintiff appeals from an order denying a motion to vacate a default suffered when her case was called for trial, and from so much of an order made on reargument as adheres to the original decision. Order on reargument, insofar as appealed from, affirmed, with $10 costs and disbursements. Plaintiff failed to show that the default was not deliberate. Appeal from original order dismissed, without costs. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

MOLLIE LEVINE, Respondent, v. JOEL LEVINE, Appellant.— Defendant appeals from an order insofar as it grants plaintiff's motion for temporary alimony and a counsel fee. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

GEORGE LIEBERMAN, Doing Business under the Name of GEORGE'S SERVICE STATION, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant.— In this action to declare the rights of the parties under a contract of insurance issued by defendant to plaintiff, defendant appeals from an order denying its motion to dismiss the complaint on the ground that the court has not jurisdiction of the subject matter and on the ground that the complaint does not state facts sufficient to constitute a cause of action. Order affirmed, with $10 costs and disbursements. Plaintiff operates a gas station in Nassau County. On August 19, 1952, an automobile owned by Bungalow Bar Corporation of America was brought to plaintiff's station to repair a flat tire. Later that day, while the vehicle was being operated in Queens County, the hubcap which plaintiff had replaced in the course of his work fell off and struck one Bracco. Bracco sued the owner of the vehicle, its operator, and the present plaintiff, the latter on the theory that he had negligently replaced the hubcap. Defendant refused to defend on the ground that there was no coverage under the policy issued by it. In our opinion, Bracco's accident was caused by the hazard insured against (the negligence of plaintiff at his place of business) and the fact that the accident occurred away from plaintiff's premises does not bring it within exclusion " (a )" of the policy. (*Employers' Liability Assur. Corp.* v. *Youghiogheny & Ohio Coal Co.*, 214 F. 2d 418.) Nor was the hubcap a product manufactured, sold, handled, or distributed by plaintiff within exclusion " (d) " of the policy. (*Employers' Liability Assur. Corp.* v. *Youghiogheny & Ohio Coal Co., supra; General Cas. Co. of Wis.* v. *Larson*, 196 F. 2d 170.) If defendant is of the opinion that Bracco or the codefendants in Bracco's negligence action are indispensable parties to this action, it should move to join them as parties; this action may not be dismissed for such nonjoinder. (*Carruthers* v. *Waite Mining Co.*, 306 N. Y. 136, 141–142.) Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur. [See 285 App. Div. 830.]