Aeon Stetjer, J.
Plaintiff appeals from an order denying summary judgment. The action is for the reasonable value of attorney’s fees to defend several actions brought against plaintiff. Defendant is an insurance company and plaintiff is its assured. It is admitted that the actions have been brought and defendant has refused to defend them. It is plaintiff’s contention that under these circumstances the only remaining issue is the value of the services, as to which plaintiff requests an assessment.
Neither the policy nor the complaints in the actions against plaintiff are included in the papers. As to these we are relegated to the description and interpretation given by the parties. The defendant claims, and supports its claim by evidence sufficient to raise an issue, that the policy insures plaintiff only for accidents which occur while plaintiff is actually at work. It may be noted that plaintiff is a plumbing contractor engaged principally in servicing ranges and other appliances on the premises of its customers. Defendant contends that the policy excludes liability for accidents on the customers’ premises after plaintiff has left the job and the claims against plaintiff are based on happenings after plaintiff had quitted the premises in question. As it is always the insured’s obligation to show that his claim comes within the coverage of the policy (Shawmut Coal & Coke Co. v. American Credit-Ind. Co., 232 App. Div. 29) the issue so raised is sufficient to defeat an application for summary judgment.
Plaintiff concedes that this would be the necessary result were the suit one to fix defendant’s liability on the policy but asserts that defendant’s obligation to defend is broader than its duty in regard to payment. Plaintiff alleges, without contradiction, that defendant undertook to defend all suits against it, even those that may be groundless or fraudulent. And it points to the admission by defendant of its allegation that the suits in question arose in the policy period. Under these circumstances plaintiff contends that its right to have defendant assume the burden of defending the suits is unquestionable referring to the able opinion of Boneparth, J., in Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co. (195 Misc. 251).
This contention is not sound. The insurer is bound to defend all claims that by their allegations come within the policy coverage regardless of whether the facts supporting those claims establish that the peril is one insured against. That is the holding of the case relied upon and is undoubtedly ■ the law. Summary judgment would depend therefore upon a showing that the suits present such claims. As indicated this is in dis *572 pute. The admission that the suits allege accidents within the policy period has no contrary effect. This concerns the alleged date of the accidents but has no reference to whether plaintiff was or was not on the job at the time.
Summary judgment was properly denied and the order should be affirmed, with $10 costs.
Hoestadter and Tilzer, JJ., concur.
Order affirmed, etc.