15835

BOLEN v. CAPITAL LIFE & HEALTH INS. CO
(38 S. E. (2d), 79)

*Mr. D. McK. Winter,* of Columbia, for appellant, ▮

*Messrs. McEachin & Townsend,* of Florence, for respondent,

May 7, 1946.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court.

This case was submitted to the Judge of the Civil Court of Florence (without a jury) on the policy of insurance and the following agreed statement of facts:

"This action was commenced by service of a Summons and Complaint on behalf of Homer H. Bolen, the beneficiary under a policy of life insurance issued by the Defendant Company, on the life of Rufus B. Bolen.

"The facts are that an agent of the Defendant Company solicited a policy on the life of deceased and obtained an application for the policy dated January 1, 1945, and collected one (1) week's premium in the amount of fifty (50¢) cents along with the application; then on January 8, one (1) week later, collected another premium and on January 15 collected a third (3rd) premium. The policy was issued as of January 15, 1945, and bore that date and was delivered to the insured on that date. No further premiums were paid. Premiums were fifty (50¢) cents weekly and One and 50/100 ($1.50) Dollars were paid.

"On the afternoon of March 11, 1945, the insured lost his life in an automobile accident in Florence and proofs of death were filed and the Defendant denied liability.

"The policy provided for payment of Two Hundred Fifty ($250.00) Dollars accidental death benefit subject to the conditions therein set forth among which, the pertinent portions read as follows:

"The insuring clause reading 'In consideration of the payment of premiums herein provided for, weekly in advance, each Monday hereafter, insures the party herein named against death, hospitalization for sickness, and accident as set forth in the table below, and subject to the conditions hereinafter set forth'. Paragraph six (6) of the policy provides as follows: 'This policy shall become null and void after premiums hereon are four (4) weeks in arrears.' "

There is nothing in the contract of insurance which in anywise conflicts with the agreed statement of. facts; and we are unable to discern any ambiguity in paragraph 6 thereof.

From the Order of Judge Sharkey awarding judgment in favor of the beneficiary named in the policy (respondent), the insurance company appeals.

We quote from the case of *Lester v. Guardian Life Insurance Company,* 196 S. C., 357, 13 S. E. (2d), 627:

"The citation of but few authorities will show that it is the settled rule in this jurisdiction that the failure to pay

the premiums on a policy, as provided by the policy, will cause it to lapse. The able opinion of Mr. Justice Fishburne in the case of *Kittles v. General American Life Ins. Co.,* 182 S. C., 162, 188 S. E., 784, 789, and the authorities there cited, sets this question at rest:

"In the case of *Bergholm v. Peoria Life Insurance Company of Peoria, Illinois,* 284 U. S., 489, 52 S. Ct., 230, 231, 76 L. Ed., 416, the United States Supreme Court said:

" 'Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense. *Imperial Fire Ins. Co. v. Coos County,* 151 U. S., 452, 462, 463, 14 S. Ct., 379, 38 L. Ed., 231. As long ago pointed out by this Court, the condition in a policy of life insurance that the policy shall cease if the stipulated premium shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a Court of equity cannot grant relief. (Citing cases.) And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the plain terms of a contract in utter disregard of long settled principles'.

"The doctrine thus announced has been consistently followed and applied by this Court, and the failure to pay premiums when due, in the absence of waiver, results in forfeiture." (Citing cases.)

With the applicable law thus settled, we apply it to the facts of this case.

As aforestated, Paragraph 6 of the policy, in plain and unmistakable language contains the provision that the policy shall become null and void after premiums thereon are four weeks in arrears. The undisputed testimony (the agreed statement of facts) is that only three weekly payments were ever paid, and that these payments were properly applied to the premiums becoming due on Janurary 15, 1945, the

date of the policy and its delivery; and on the two successive Mondays, which paid the premiums to Monday, February 5, 1945. At the time of the accidental death of the insured (March 11, 1945), the premiums were therefore five weeks in arrears. This is the "plain, ordinary, and popular sense" of the language used.

We can see no basis for the strained construction placed on the clause in the policy under discussion by the Court below to the effect that the word "premiums" having been used instead of the word "premium", it meant that at least two weekly premiums had to be in arrears for four weeks before the policy became null and void. Such construction is neither reasonable nor logical.

The judgment appealed from is reversed, and the case is remanded for the entry of judgment in favor of the appellant.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.