16388

EAVES v. PROGRESSIVE FIRE INS. CO.

(60 S. E. (2d) 687)

*Messrs. Schultz & Mills,* of Columbia, *for Appellant,*

*Mr. John Gregg McMaster,* of Columbia, *for Respondent,*

July 27, 1950.

TAYLOR, Justice.

Action in this case was commenced by the respondent in the County Court for Richland County, seeking to recover under a fire insurance policy which, it is contended, was issued by the appellant. The cause came on to be heard before the Honorable Legare Bates, Presiding Judge, and jury. Both sides made motions for directed verdicts which resulted in appellant's motion being denied and respondent's motion being granted in the sum of $450.00, said amount being determined by the jury.

Appellant then made timely motion for a new trial which was denied, and it is now contended before this Court that the testimony was insufficient to establish the effective force of the contract of insurance at the time of the loss, that the effective force of the contract of insurance was a question of fact for the jury, and that the verdict should have been itemized.

On February 17, 1949, respondent paid 72¢ premium in advance and signed an application for the issuance of a contract of fire insurance upon the contents of her home in the City of Columbia and was issued a receipt therefor by an agent of the appellant which stated: "No obligation is incurred by this company by reason of this deposit, unless and until a policy is issued upon said application and delivered to said applicant."

The application which was filled out at this time stated in part: "I agree that said answers, with this declaration, shall form the basis of a contract of fire insurance * * * and that the policy which may be granted by the said company in pursuance of this application shall be accepted subject to the conditions and agreements contained in such policy. I further agree that no obligation shall exist against said company on account of this application although I may have paid the premiums thereon, unless said company shall issue

a policy in pursuance thereof, and the same is delivered to me."

The aforementioned application was the basis for the issuance of the insurance contract in question, which, from the evidence, appears to have been placed under respondent's door by appellant's agent during respondent's absence at approximately 11:00 or 11:30 a. m. on March 5, 1949. Upon respondent's return home about 2 p. m. of the same day, she found her residence in flames and, after the fire had been extinguished, discovered the policy where it had been placed by the insurance agent. The policy shows that it was countersigned March 7, 1949, two days hence, and there is testimony to the effect that it was intended to be effective as of that date. The crucial question, therefore, is whether or not there was sufficient delivery of the policy as to be binding upon appellant. The policy, which was countersigned March 7, 1949, provided for $250.00 insurance on living room furniture, $100.00, dining room and kitchen furniture; $100.00, bedroom furniture; and $50.00 on clothing and personal effects.

Upon trial the Judge submitted to the jury only the question of amount of damages and directed a verdict in favor of respondent for the amount determined by the jury.

Where the language of an insurance contract may be understood in more senses than one, or where it is doubtful whether the given words were used in an enlarged or restricted sense, other things being equal, that construction should be adopted, which is most beneficial to the insured and construed most strongly against the insurer. *Prosser v. Carolina Mut. Ben. Corp.,* 179 S. C. 138, 183 S. E. 710; *Schultz v. Benefit Ass'n of Ry. Employees,* 175 S. C. 182, 178 S. E. 867; *Carolina Veneer & Lumber Co. v. American Mut. Liability Ins. Co.,* 202 S. C. 103, 24 S. E. (2d) 153; *Smith v. Sovereign Camp, W. O. W.,* 204 S. C. 193, 28 S. E. (2d) 808; *Sample v. London & Lancashire*

*Fire Ins. Co.,* 46 S. C. 491, 24 S. E. 334, 47 L. R. A. 696, 57 Am. St. Rep. 701.

Under the foregoing announced principle of law, we are of the opinion that the Trial Judge was correct in ruling that there had been a delivery of the policy, which was in force at the time of the fire. Therefore, Questions 1 and 2 should be resolved against the appellant.

Appellant next contends that, because there were four separate schedules of indemnity, limited in their several amounts, the verdict should have been itemized. With this we do not agree, as the Court was not bound to direct the jury to find a special verdict upon any or all of the issues. The statute directs that the Court may make such direction, Section 602, South Carolina Code, 1942. This action is for the recovery of money only and in such cases the rendition of a special verdict is within the discretion of the jury. *Floyd v. New York Life Insurance Co.,* 110 S. C. 384, 96 S. E. 912.

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed and the judgment of the Trial Court affirmed, and It Is So Ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.