16653

PITTS v. GLENS FALLS INDEMNITY CO.
(72 S. E. (2d) 174)

134

*Messrs. Cooper & Gary* and *Gene V. Pruet,* of Columbia, for Appellant,

*Messrs. Milledge T. Pitts* and *Edwin H. Cooper,* of Columbia, *for Respondent.*

July 25, 1952.

BAKER, Chief Justice.

Omitting the signatures thereto, and place and date of signing, the agreed statement of facts appearing in the record will be reported herewith.

Upon this agreed statement of facts and under the terms of the policy, Honorable Legare Bates, Judge of the Richland County Court, held that the defendant-appellant was liable to the plaintiff-respondent for the amount of the funeral expenses of Dr. Pitts, less $200.00 allowed for funeral expenses by the Industrial Commission in its award, and ordered that respondent have judgment against the appellant in the sum of $563.80. The appeal raises the issue of the correctness of such holding.

The exceptions of the appellant do not accurately reflect the facts, but the "Question Involved" as stated by the appellant, which follows, covers the issue.

"Was it error for the Trial Court to allow the plaintiff to recover against the defendant under the insurance policy in question when benefits and funeral expenses for the death of plaintiff's decedent were payable and were in fact awarded under the South Carolina Workmen's Compensation Law?"

In *Eaves v. Progressive Fire Ins. Co.,* 217 S. C. 365, 60 S. E. (2d) 687, 688, it is stated: "Where the language of an insurance contract may be understood in more senses than one, or where it is doubtful whether the given words were used in an enlarged or restricted sense, other things being equal, that construction should be adopted which is most beneficial to the insured and construed most strongly against the insurer." (Citing authorities.)

It is a well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of a policy are ambiguous, or where they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. *Long Motor Lines, Inc., v. Home Fire & Marine Ins. Co.,* 220 S. C. 335, 67 S. E. (2d) 512, 516, and authorities therein cited. "It is equally well established that in determining the meaning of such a contract, the words should be taken in the plain and ordinary sense in which they are generally used and understood with regard to

or in connection with the subject matter involved. The courts are not at liberty to adopt some strained or violent interpretation not contemplated by the parties." *Long Motor Lines, Inc., v. Home Fire & Marine Ins. Co., supra.*

The coverage under the policy here was for "necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident   *   *   *." The exclusion embraces only "bodily injury to or sickness, disease or death of any person if benefits therefor are payable under any workmen's compensation law." Funeral services is not mentioned in the exclusionary clause of the policy, unless it can be said that the word "death" therein embraces "funeral services", which is not at all clear was in the contemplation of the parties to the contract. If it was the intent of the appellant to include "funeral expenses" in the exclusionary clause of its contract of insurance prepared by it, then apt language evidencing such intention should have been used. The policy provisions in this respect are ambiguous.

In the cases cited by appellant from the U. S. Circuit Courts of Appeals, the plaintiffs came squarely within the exclusionary clauses in the policies sued upon, and these cases are therefore of no assistance to us here.

Applying the settled law of this state to the facts here, we are of opinion that the judgment appealed from should be, and it hereby is affirmed.

FISHBURNE, STUKES and TAYLOR, JJ., concur.

OXNER, J., concurs in result.