223 S.C. 98 (1953)
74 S.E.2d 423
INMAN ET AL.
v.
LIFE INS. CO. OF VIRGINIA.
16713
Supreme Court of South Carolina.
February 5, 1953.
*99 Mr. G. Werber Bryan, of Sumter, for Appellants.
*100 Messrs. Lee & Moise, of Sumter, for Respondent.
The Order of Judge Henderson follows:
This is an appeal by the defendant from a judgment rendered in this case by Magistrate Henry B. Richardson, in favor of the plaintiff, in the sum of $407.50.
On May 14, 1951, the defendant insurance company issued to the plaintiff a hospitalization policy of insurance, which provided for loss incurred resulting from "sickness (or disease) which first manifests itself at least thirty days after the policy date and does not involve a surgical operation, or which first manifests itself at least ninety days after the policy date and does involve a surgical operation, herein referred to as 'such sickness'." The controversy arises out of the proper construction of this clause of the policy.
On March 6, 1952, which is considerably more than ninety days after the date of the policy, the plaintiff was admitted to the Tuomey Hospital and underwent an operation for duodenal ulcer. The action was brought under the policy for the amount of the plaintiff's hospital and surgeon's bills, amounting to $407.50. The defendant contested the claim on the ground that the sickness or disease, duodenal *101 ulcer, manifested itself within ninety days after the policy date.
There can be no doubt that the duodenal ulcer was chronic and first manifested itself about July 20, 1951, which was less than ninety days after the policy had been written, and I find as a fact that this chronic duodenal ulcer for which the plaintiff underwent surgery in March, 1952, was the same sickness or disease which originated in July, 1951. It extended continuously from July, 1951, to the time of the operation in March, 1952.
From July 20th to July 28th, 1951, Mrs. Inman received hospital treatment not involving a surgical operation, for this same chronic duodenal ulcer. That claim was paid, since the sickness manifested itself more than thirty days after the policy date.
The law is quite well settled that a policy of insurance is to be construed liberally in favor of the insured and strictly as against the company, and if by reason of ambiguity in the language employed in such a contract there is doubt or uncertainty as to its meaning, and if it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the company, the former will be adopted. Sloan v. Colonial Life & Accident Insurance Company, S.C. 72 S.E. (2d) 446.
The same principle is announced in Eaves v. Progressive Fire Insurance Company, 217 S.C. 365, 60 S.E. (2d) 687.
However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary, and popular sense. Bolen v. Capital Life & Health Insurance Company, 208 S.C. 345, 38 S.E. (2d) 79. And it is said in Newell & Company v. American Mutual Liability Insurance Company, 199 S.C. 325, 19 S.E. (2d) 463, 466, that "If the intention of the parties is clear, the courts have no authority to change the contract in any particular. The Court has no power to *102 interpolate into the agreement between an insurer and the insured a condition or stipulation not contemplated either by the law or by the contract between the parties. * * * The rule of strict construction against the insurer does not apply where the language used in the policy is so plain and unambiguous as to leave no room for construction * * * Nor does the rule of strict construction authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. The judicial function of a court of law is to enforce an insurance contract as made by the parties, and not to re-write or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous. It is not the province of the courts to construe contracts broader than the parties have elected to make them, or to award benefits where none was intended."
In the present case it seems to me that the provision of the policy here in question is perfectly clear and unambiguous. It states that the company insures against sickness or disease which first manifests itself at least ninety days after the policy date and does involve a surgical operation. Here the sickness or disease, duodenal ulcer, first manifested itself within ninety days after the policy date, and did involve a surgical operation. It appears, therefore, that there is no ambiguity and no room for construction.
The plaintiff's counsel, in oral argument and in his excellent written brief, acknowledges that the construction contended for by the defendant is a possible interpretation of the clause, but says that it would be possible to interpret it also to mean that if surgery becomes necessary and this necessity becomes known for the first time after the policy has been in force for ninety days, the plaintiff would be entitled to recover.
I do not think that the policy can bear that construction, because it definitely refers to the sickness manifesting itself at least ninety days after the policy date, and not to the *103 necessity for an operation becoming known after the policy was ninety days old. To give the clause the meaning contended for by the plaintiff would, in my opinion, amount to the Court writing in words in a contract which the parties did not put there.
It is my opinion that the exceptions of the defendant should be sustained.
It is therefore Ordered that the judgment of the Court of Magistrate be reversed and set aside, and judgment is granted in favor of the defendant company.
February 5, 1953.
PER CURIAM.
We are in accord with the findings of fact by Judge Henderson, and his construction of the contract of insurance here involved.
All exceptions are overruled.
BAKER, C.J., and FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.