## Wheeler, etc., v. The Travelers Indemnity Co.

*Marsh, Spaeder, Baur & Spaeder*, for plaintiff.
*Brooks, Curtze & Gent*, for defendant.

EVANS, P. J., April 20, 1955.—In this matter defendant seeks judgment on the pleadings under facts concerning which there is no dispute.

Eugene H. Wheeler was killed in an automobile accident May 28, 1952, and at the time of his death was employed by and on the business of his employer, Record Publishing Company of Erie. Subsequent to his death, the estate of Eugene H. Wheeler presented a petition to the Workman's Compensation Board of the Commonwealth of Pennsylvania and received $250, the maximum amount payable under The Workman's Compensation Act for funeral expenses. The statement of claim sets forth the fact that the total amount of funeral expenses was $1,079.00, and action was brought against the defendant for the sum of $500 under the provisions of its insurance policy issued to the decedent December 18, 1951.

Under one of the provisions of insurance contract entitled "Coverage B—Medical Payments", defendant agreed "to pay all reasonable expenses incurred within one year from date of accident and necessary medical, surgical, ambulance, hospital, professional nursing, and funeral services to or for each person who sustained bodily injury, sickness, or disease caused by accident while in, or upon entering, or alighting from the automobile if the automobile is being used by the

named insured or with his permission." This coverage is limited, however, under the provisions of the policy in exclusion F, which provides: "This policy does not apply: (F) under Coverage B to bodily injury to or sickness, disease, or death of any person if benefits therefor are payable under any workman's compensation law."

Defendant contends that under exclusion clause F, above recited, there is no liability on its part to pay for any funeral expenses even though the amount payable under The Workman's Compensation Act of Pennsylvania is less than the amount expended for such funeral as well as less than the coverage of $500 provided in the policy. Defendant cites as authority for his position Bonney et al. v. Citizens' Mutual Automobile Insurance Company, 53 N. W. 2d 321 (Mich.), under identical circumstances, which undoubtedly sustains his position.

Plaintiff contends that although the provision for coverage as to medical payments sets forth in detail including the words "funeral services" the extent of coverage under the clause, the later exclusion provisions are general, indefinite, and ambiguous to the extent that they would not be understood by the ordinary person using reasonable diligence in ascertaining the extent of said exclusion clause. In support of this contention he cites Pitts v. Glens Falls Indemnity Company, 72 S. E. 2d 174 (South Carolina), which under identical circumstances sustains his position.

Counsel for plaintiff and defendant stated they were unable to find any other authority in Pennsylvania or any other State directly in point, and, after diligent research, we also conclude that the question involved has now been raised in Pennsylvania for the first time. It will not be necessary for us to cite authority to the effect that written contracts are to be construed

strictly against those who prepare them and that this is particularly applicable to printed clauses in insurance policies and more particularly true in exclusion clauses of such insurance policies. Counsel for defendant readily admits these fundamental rules of law but contends that there is nothing uncertain or ambiguous in the language here used.

The matter is important for the reason that after examination of the language used in the cases cited as well as specimen policies from other companies, we find such language identical with that used in the case at bar. We are inclined to and, therefore, will follow the conclusions reached in Pitts v. Glens Falls Indemnity Company, supra, for the reason that it would take a rather astute person to gather the full import of the exclusion clause. For sales purposes the benefits to the policy holder are made explicit in every detail rather than in general terms as expressed in the exclusion clause. As stated in Pitts v. Glens Falls Indemnity Company, supra, "funeral services is not mentioned in the exclusionary clause of the policy, unless it can be said that the word 'death' therein embraces 'funeral services', which is not at all clear was in the contemplation of the parties to the contract. If it was the intent of the appellant to include 'funeral expenses' in the exclusionary clause of its contract of insurance prepared by it, then apt language evidencing such intention should have been used. The policy provisions in this respect are ambiguous."

In our opinion the motion for judgment on the pleadings must be overruled and discharged and reasonableness of the expenses determined by the jury.

### Order

And now, to wit, April 20, 1955, defendant's motion for judgment on the pleadings in the above entitled matter is overruled and discharged.