17991

Marjorie B. BAXLEY, as Administratrix of the Estate of J. Bunyan Baxley, Respondent, v. STATE FARM MUTUAL AUTOMOBILE LIABILITY INSURANCE COMPANY, Appellant.

(128 S. E. (2d) 165)

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Appellant.*

*Messrs. Blatt & Fales,* of Barnwell, *for Respondent,*

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Appellant, in Reply,*

November 14, 1962.

BUSSEY, Justice.

This action, to recover funeral benefits under an automobile insurance policy, was tried by the court below upon a stipulation of facts, and the appeal is from a judgment in favor of plaintiff.

The policy sued on was issued to J. Bunyan Baxley, covering a 1958 Buick automobile owned by him. He came to his death while said Buick automobile was out of commission and while driving a Chrysler automobile owned solely by his wife, Marjorie B. Baxley.

The funeral benefit coverage afforded Mr. Baxley under the policy issued on the Buick automobile, followed him while driving a "temporary substitute automobile", which the policy defined as follows:

"Temporary Substitute Automobile—means an automobile not owned by the named insured while temporarily used as a substitute for the described automobile when withdrawn from normal use because of breakdown, repair, servicing, loss or destruction."

The appellant's only contention is that the Chrysler automobile was not a "temporary substitute automobile" within the terms of the policy, because "owned by the named insured".

This contention is based on the fact that while the policy on the Buick automobile was issued to Mr. Baxley, it contained the following definition of "named insured".

"Named Insured—means the individual so designated in the declarations and also includes his spouse, if resident of the same household."

Therefore, the sole question before us is whether the Chrysler automobile, admittedly owned solely by Mrs. Baxley, was owned by the "named insured" in the policy covering the Buick automobile.

The question, arising out of the precise factual situation here, has not been decided by this or any other court, as far as we can ascertain, but two cases are cited to us which in both reason and logic are in point. In *Farley v. American Automobile Ins. Co.*, 137 W. Va., 455, 72 S. E. (2d) 520, 34 A. L. R. (2d) 933, there was involved a policy issued in the names of "Earl Farley and Harry Wallace" covering a particular vehicle. Farley had an accident while driving, as a temporary substitute, an automobile belonging solely to Wallace, one of the insureds. The policy definition of temporary substitute automobile was the same as in the instant case. The Court held that the substitute automobile was not owned by the named insured, but only one of them, and that it was covered.

The case of *St. Paul-Mercury Indemnity Co. v. Heflin*, 137 F. Supp. 520 (W. D. Ark.) was concerned with a policy issued to one Heflin covering a vehicle owned by him. At the time of an accident, he was using as a substitute a Jeep owned by a partnership of which he was a member. The policy definition of temporary substitute automobile was the same as in the instant case, and the court held that the Jeep was covered as it was owned by the partnership and not by Heflin, the named insured.

The Heflin case is, of course, the converse of the situation here, as well as the situation in the Farley case, but the reasoning and logic thereof are in accord with the Farley case.

The only distinction between the instant case and the Farley case is that here Mr. and Mrs. Baxley were husband and wife, whereas in the Farley case the "named insured" was two men.

The definition of "named insured" in the policy, and under the circumstances here involved, simply had the effect of making "the named insured" two people instead of one. Since it is conceded that the Chrysler automobile was not owned by Mr. Baxley, nor by Mr. and Mrs. Baxley jointly, but only by Mrs. Baxley, it was "not owned by the named insured" and was covered as a temporary substitute automobile under the provisions of the policy.

We think that the provisions of the policy, here considered. is clear in its meaning, requires no construction, and has only to be applied to the facts disclosed by the record. However, if there be any doubt about this, it is, of course, a well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured, and where the words of a policy are ambiguous, or where they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. *Gordon v. Fidelity and Casualty Co. of N. Y.,* 238 S. C. 438, 120 S. E. (2d) 509; *Quinn v. State Mutual Auto. Ins. Co.,* 238 S. C. 301, 120 S. E. (2d) 15.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.