Mavis W. FULBRIGHT and Mack Fulbright, as Administrators of the Estate of Ben V. Fulbright, Appellants, v. The FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent.

(146 S. E. (2d) 618)

*Messrs. Odom, Nolen & Foster* and *James J. Raman,* of
of Spartanburg, *for Appellants,*

*Messrs. Hammett & Howell,* of Spartanburg, *for Respondent,*

*Messrs. Odom, Nolen & Foster* and *James J. Raman,* of Spartanburg, *for Appellants,*

February 10, 1966.

BRAILSFORD, Justice.

This is an action to recover funeral expenses under the "Medical Payments" coverage of an automobile insurance policy issued by the defendant insurance company to plaintiffs' intestate, Ben V. Fulbright, and covering two automobiles owned by him. The intestate was regularly employed as a truck driver and he died as the result of injuries sustained while driving a truck furnished for his regular use by his employer. The plaintiff, Mavis W. Fulbright, is the widow of the intestate. The complaint alleges that "the named insured in and under the terms of the policy is Ben V. Fulbright and Mavis W. Fulbright."

The following policy provisions are set forth in the complaint:

"PART II—Expenses for Medical Services

"Coverage C—Medical Payments

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including

death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile;

&ast; &ast; &ast;

"Exclusions

"This policy does not apply under Part II to bodily injury:

&ast; &ast; &ast;

(b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile,' &ast; &ast; &ast;."

The defendant demurred to the complaint upon the ground that it appears from the facts alleged that the above quoted exclusionary clause is applicable; therefore, the claim sued upon is not recoverable under the terms of the policy. The circuit court sustained the demurrer and the plaintiffs have appealed.

The first ground of appeal is that the exclusionary clause applies only to an automobile furnished for the regular use of the "named insured," and "the 'named insured' were two persons under the terms of the policy and the vehicle was furnished only to one person."

We do not understand that Mavis W. Fulbright was actually named as an insured in the policy issued to her husband. Instead, this ground of appeal rests upon the policy definition of "named insured" as including the spouse of the contracting party designated in the policy, if living in the same household. We think it obvious that the sole purpose of this policy provision was to extend its protection to the spouse of the person named as the insured, and not for the purpose of enlarging, limiting or modifying the contractual rights of such person in the event of a covered loss. Fulbright's spouse was not involved in an accident, and this policy definition, which was adopted to provide coverage for her in such event, is simply irrelevant to the issues arising on the claim of his

administrators to indemnity for funeral expenses. For the purposes of this claim, Fulbright is the insured, and recovery is barred by the explicit terms of the exclusionary clause.

Plaintiffs' reliance is upon our decision in *Baxley v. State Farm Mutual,* 241 S. C. 332, 128 S. E. (2d) 165, which involved the temporary substitute automobile clause of a policy of insurance issued to J. Bunyan Baxley on a Buick owned by him. Baxley was killed while driving a Chrysler owned by his wife, which he was driving as a substitute for the Buick which was being repaired. The policy, as here, included Baxley's spouse as a "named insured" by definition, and an automobile owned by "the named insured" did not qualify as a temporary substitute. The company contended that this disqualification applied to the Chrysler because it was "owned by the named insured," *i. e.,* Baxley's spouse. Thus, the company attempted to use the policy definition of "named insured" to deprive Baxley of coverage otherwise afforded him by the policy terms, the company having invoked this provision of the policy for this purpose. We held that the "definition of 'named insured' in the policy *and under the circumstances (there) involved,* simply had the effect of making 'the named insured' two people instead of one." (Emphasis added.) Hence, the Chrysler, which belonged to the wife alone, qualified as a temporary substitute automobile. We are satisfied that the ground of decision in *Baxley* led us to a sound result in applying the temporary substitute clause to the facts involved there. However, to hold that the term "named insured," wherever appearing, means both husband and wife would lead to absurd results for which *Baxley* is not a precedent. For example, the insuring agreement sued upon here is a promise to pay "(t)o or for the named insured * * * who sustains bodily injury, * * *", etc.

Under the circumstances here appearing, there is no more justification for applying the policy definition of the term "named insured" to its use in the exclusionary clause than

there would be for applying it in the insuring agreement. This ground of appeal is without merit and is overruled.

This leaves for disposition plaintiffs' second ground of appeal, which rests upon the contention that the exclusionary clause does not by its terms bar this claim for funeral expenses; at least, that there is an ambiguity in this respect which should be resolved in favor of coverage.

The insuring agreement, under "Part II—Coverage C—Medical Payments," and the *"Exclusions"* must be read together and effect given to each. When this is done, we find that the promise to pay (expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and ambulance, hospital, nursing and funeral services) is "(t)o or for the named insured * * * *who sustains bodily injury* * * * including death resulting therefrom, hereinafter called 'bodily injury,' *caused by accident, while occupying* * * * *an automobile."* (Emphasis added.) However, under the exclusionary clause, this promise does not run to an insured who sustains bodily injury including death resulting therefrom, even though caused by accident while occupying an automobile, if the automobile was "furnished for the regular use of the named insured."

In short, when the exclusionary clause is operable, there is no covered bodily promise to indemnify for expenses incurred in connection therewith, whether for medical, surgical, hospital or funeral services. We agree with the able and experienced circuit judge that there is no ambiguity and no room for construction.

In all candor, we must agree that the decision of this court in *Pitts v. Glens Falls Indemnity Co.,* 222 S. C. 133, 72 S. E. (2d) 174, tends to support appellants' view that the policy is ambiguous as to the exclusion of the claim for the expense of funeral services. However, the terms of the insuring agreement and exclusionary clause in *Pitts,* which the court held to be ambiguous, were different from those involved here. Therefore, the decision in *Pitts* is not a bind-

ing precedent and we are unwilling to apply it to a different contract by analogy.

Affirmed.

Moss, Lewis and Bussey, JJ., concur.