IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-60041
Summary Calendar

ISOLA D. ROYAL, ET AL.,

Plaintiffs-Appellants,

versus

JERRY ARD,

Defendant-Appellee,

CANAL INSURANCE CO., ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(2:93-CV-202-PS)

September 21, 1995

Before HIGGINBOTHAM, DUHE', and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Isola D. Royal, et al., appeal from the District Court's grant of summary judgment in favor of Canal Insurance Co.  We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291, and we affirm the decision of the District Court.

I.

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

This present suit is the third arising from the unfortunate events of March 24, 1991. We summarize the facts and history of the previous two cases only insofar as they are relevant to the disposition of the current suit. On March 24, 1991 while driving a 1987 Peterbuilt truck, Bobby Ard collided with an automobile driven by Byron K. Royal, resulting in Royal's death. Members of Royal's family sued Jerry Ard, Bobby Ard's employer, in the Circuit Court of Claiborne County, Mississippi. At the time of the accident, Jerry Ard possessed two automobile insurance policies. The first, the Basic Automobile Liability Policy No. G02068 issued by Canal Insurance Co., covered liability for bodily injury up to $300,000; the second, the Excess Indemnity Policy No. X003559 issued by Canal Indemnity Co., covered liability in excess of the primary coverage up to $500,000. Canal Insurance Co. defended Ard under the express reservation that Ard's insurance policies with Canal did not cover the 1987 Peterbuilt. On June 24, 1993, the state court rendered judgment for the Royals and awarded damages of $553,500.

While the state court tort action was pending, Canal filed a declaratory judgment suit in the U.S. District Court for the Southern District of Mississippi naming, among others, the members of the Royal family as defendants. Canal sought a declaration that its policy did not cover the 1987 Peterbuilt truck at the time of the accident. Canal's insurance policy limited coverage to personal injuries resulting from the use of "an owned automobile or of a temporary substitute automobile," the latter of which the

2

policy defined as "an automobile not owned by the named insured or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an owned automobile when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction."

Canal moved for summary judgment, claiming that the Peterbuilt was not a "temporary substitute automobile" because Jerry Ard was the owner of the truck at the time of the accident.[1] To support its motion, Canal filed a copy of a motor vehicle lease agreement with KTA, Inc. signed by Jerry Ard and his wife, LaGwen. Canal claimed that, although denominated as a "lease", the agreement was actually a conditional sales contract. Canal pointed out that the agreement provided that, after making the final lease payment, Ard could purchase the truck for no extra charge. In addition, Canal filed the affidavits of two KTA officers, who stated that the lease agreement was functionally a conditional sale and that they considered Ard to be the owner of the truck. According to the officers, KTA retained title to the truck as security.

In response, the Royals claimed that the Peterbuilt was covered by the Canal insurance policy as a "temporary substitute automobile" because, at the time of the accident, KTA owned the truck and the truck was being used as a substitute vehicle while the normal truck used by Ard was undergoing repairs. To bolster

_____

[1] The Royals conceded that the Peterbuilt truck was not covered as an "owned automobile." To qualify as an "owned automobile" under the terms of the policy, the automobile must either (1) be owned by the insured and described in the policy, or (2) be newly acquired by the insured during the policy period.

their claim, the Royals presented certified copies of the title documents for the 1987 Peterbuilt showing KTA as the owner of record.

On June 21, 1994, the district court granted Canal's motion for summary judgment, concluding that the 1987 Peterbuilt truck did not qualify as a "temporary substitute automobile" because Jerry Ard owned the truck at the time of the accident. Applying Mississippi law, the district court found that the lease agreement between KTA and Ard was a conditional sales contract. The court noted that the lease agreement provided that "Jerry Ard had to provide his own insurance except for collateral insurance; taxes had to be paid by Jerry Ard; Jerry Ard was responsible for any and all repairs and maintenance; and Jerry Ard had the exclusive use, possession and control of the 1987 Peterbuilt tractor." The court also emphasized that the lease agreement provided that Ard could purchase the truck for no additional charge upon completion of the lease payments. Moreover, Ard in his deposition admitted that he was the owner of the truck. Because the 1987 Peterbuilt did not qualify as a temporary substitute automobile, the court concluded that the Canal insurance policy did not cover the 1987 Peterbuilt truck at the time of the accident. The Royals did not appeal the District Court's judgment for Canal.

On June 24, 1993, after the state court had awarded judgment for the Royals but while the declaratory judgment action was still pending, the Royals filed a Suggestion for Writ of Garnishment in the Circuit Court of Claiborne County, Mississippi. The court

issued the Writ of Garnishment against Canal. Alleging diversity of citizenship,[2] Canal removed the garnishment action to the U.S. District Court for the Southern District of Mississippi, in which Canal' motion for summary judgment in its declaratory judgment action was then pending. On November 7, 1994, after the court had rendered judgment for Canal Insurance Co. in the declaratory judgment action, Canal Indemnity Co. filed a Notice of Joinder to join in a Motion for Summary Judgment filed by Canal Insurance Co. that same day. Relying on the summary judgment in the declaratory judgment action, Canal claimed that it was not liable to Jerry Ard since its insurance policy issued to Ard did not cover the 1987 Peterbuilt truck at the time of the accident.

Furthermore, Canal Indemnity claimed since Canal Insurance was not liable to Ard on the primary insurance policy, Canal Indemnity was not liable to Ard on the excess insurance policy. Canal emphasized that the excess insurance policy by its own terms covered Ard only for such loss "as would have been payable under all of the terms of the [primary policy]." Canal Indemnity also pointed to language in the excess liability insurance policy that provided that the policy was "subject to all the conditions, agreements, exclusions and limitations of and shall follow the Primary Insurance in all respects . . . ."

---

[2] Canal Insurance Co. is a South Carolina corporation with its principal place of business in Greenville, South Carolina. The Royals are all adult citizens of Mississippi or Louisiana. The district court had jurisdiction of the garnishment action pursuant to 28 U.S.C. § 1441.

The Royals never responded to Canal's motion for summary judgment, and, on January 17, 1995, the district court granted Canal's motion.  The court held that "based on the reasoning in the previous Opinion of this Court in the declaratory judgment action, Defendant Canal is entitled to Summary Judgment on the issue of coverage in the primary policy."  Additionally, the court found that "the express provisions of the excess policy provide that the primary policy governs, and thus Canal is entitled to Summary Judgment as to coverage on this policy as well."  The Royals timely appealed the district court's decision.

II.

On appeal, the Royals now argue that, if the lease agreement with KTA was a conditional sales contract as the district court found, both LaGwen and Jerry Ard, not just Jerry Ard, owned the truck.  From this premise, the Royals conclude that, under Mississippi law, Jerry Ard did not own the 1987 Peterbuilt truck and, therefore, the truck qualified as a temporary substitute automobile under the terms of the Canal insurance policies.

We are reluctant to address this contention since the Royals did not raise it (or any other argument) in response to Canal's motion for summary judgment.  Although the failure to respond to a motion for summary judgment does not entitle the movant to summary judgment, Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022-23 (5th Cir. 1995), the nonmovant may not attack the summary judgment by raising new legal claims on appeal.  John v. State of La. (Bd. of Trustees for State Colleges & Universities), 757 F.2d 698, 710

6

(5th Cir. 1985); <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1132 n.10 (5th Cir.), <u>cert. denied</u>, 113 S. Ct. 82 (1992). Our review is limited to the summary judgment record before the trial court. <u>Topalian</u>, 954 F.2d at 1131 n.10. The Royals did not raise this claim in response to Canal's motion for summary judgment in the district court, nor did the Royals raise it in response to Canal's motion for summary judgment in the declaratory judgment action, nor did they appeal that judgment on this ground. In short, the claim that the 1987 Peterbuilt truck is not owned by Jerry Ard because it is owned by LaGwen and Jerry Ard jointly is raised for the first time on appeal and is, therefore, waived by the Royals.

Even if the Royals had not waived it, this argument is without merit. We are baffled by the claim that because the Peterbuilt truck is owned jointly by Jerry Ard and his wife, it is, therefore, not owned by Jerry Ard. The cases cited by the Royals do not stand for this proposition.[3] To the contrary, under Mississippi law, a

---

[3] The Mississippi Supreme Court in <u>Caldwell v. Hartford Acc. & Indem. Co.</u>, 160 So.2d 209, 212 (Miss. 1964), held that an automobile owned <u>individually</u> by the insured's wife was not owned by the insured. In reaching this conclusion, the court in <u>Caldwell</u> followed and quoted from the South Carolina Supreme Court's decision in <u>Baxley v. State Farm Mut. Auto. Liability Ins. Co.</u>, 128 S.E.2d 165, 166 (S.C. 1962), a case which the Royals do not discuss in their brief for good reason. Although the <u>Baxley</u> court held that a car owned by the named insured's wife was not owned by the named insured, the court emphasized that the automobile was owned by the insured's wife individually, not by the insured and his wife jointly as is the case here. <u>Id.</u>

The other cases cited by the Royals are even less availing. The West Virginia Supreme Court of Appeals in <u>Farley v. American Auto. Ins. Co.</u>, 72 S.E.2d 520, 521 (W. Va. 1952), did not hold that an automobile owned by a named insured along with another was not owned by the named insured; rather, the court held that an automobile owned by one of two named insured was not owned by the named insured. Finally, the court in <u>Saint Paul-Mercury Indem. Co.</u>

7

co-owner has the rights to possess and use the property and to share in the rents and profits accruing from the property. Eden Drainage Dist. of Yazoo Cty. v. Swaim, 54 So.2d 547, 550 (Miss. 1951), error overruled, 55 So.2d 439 (Miss. 1951). In addition, a co-owner must pay his proportionate share of expenses for maintenance of the property. Id. While co-owners do not possess all the rights, such as exclusive possession, that an individual owner has, the Royals do not explain nor do we perceive how that difference undermines the conclusion that Jerry Ard owns the 1987 Peterbuilt truck for the purpose of determining the scope of the insurance coverage.

Furthermore, even were we to accept the Royals' claim that the 1987 Peterbuilt was not owned by Jerry Ard, we would still be compelled to affirm the district court. Unlike the insurance policies in the cases cited by the Royals, the primary insurance policy issued by Canal expressly states that a temporary substitute automobile is an automobile "not owned by the named insured or any resident of the same household." This provision prevents insurers from covering the insured's regular use of vehicles owned by members of the same household. Accepting the Royals' argument that Jerry Ard and his wife, LaGwen, jointly own the 1987 Peterbuilt truck, we still must conclude that the truck does not qualify as a temporary substitute automobile because the truck is owned by both

---

v. Heflin, 137 F.Supp. 520, 523 (W.D. Ark. 1956), held that an automobile owned by a partnership was not owned by the named insured, who was one of the partners, since partnership property is not property of the partners individually.

8

the named insured, Jerry Ard, and a resident of his household, LaGwen Ard.

Finally, the Royals did not controvert the district court's conclusion that the excess insurance policy's coverage is coterminous with that of the primary policy. The excess policy covers Ard only for such loss "as would have been payable under all of the terms of the [primary policy]." Furthermore, the excess policy is "subject to all the conditions, agreements, exclusions and limitations of and shall follow the Primary Insurance in all respects." The district court correctly held that because the primary policy did not cover the 1987 Peterbuilt at the time of the accident, the excess insurance policy did not cover it either.

## III.

Canal is entitled to summary judgment because the Royals "ha[ve] failed to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, the judgment of the district court is AFFIRMED.